Robert F. Baldwin, Esq. Village Attorney, Fayetteville
You have asked whether an individual may serve simultaneously as an associate member of your village's historic review commission and as an associate member of the village's planning board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You have informed us that both positions are non-voting ones but that the occupants possess all other powers of members of these two bodies, including the power to discuss and provide input concerning any matter. Further, you have indicated that it is the duty of the historic review commission to review all plans for which a special permit is required under the village's historical preservation regulations and to render advisory opinions to the planning board before that board issues a permit. The commission is also directed to cooperate with and advise the planning board and other municipal agencies in matters involving historic and/or architectural sites and buildings. The procedures for review call for the commission to recommend approval, disapproval or approval with modification of plans for which permits are required. It must issue an opinion of approval, or if the plan is disapproved or approved with modifications it must state its reasons. The opinions are transmitted to the planning board in writing and to the applicant.
In our view, the holding of these two positions by one person would be incompatible. The village's historic review regulations envision independent review of plans by the historic review commission for consideration by the planning board. Dual membership by one person on both boards would defeat the impartiality of the commission's recommendations. Nor do we believe that the inability of the occupant of these two positions to vote removes the incompatibility. The individual would possess every other power of a member including the authority to provide input and fully discuss any matter.
We conclude that the positions of member of a village planning board and member of a village historic review commission are incompatible.